From W. F. Schutte, Beaver, Pa.

---

## Commonwealth v. Walck.

*Boroughs—Ordinances—Penal ordinance—Ambiguous provisions—Building restrictions.*

1. Where a penal ordinance is ambiguous as to the act prohibited, it must be construed in favor of the person charged with having violated it.

2. Where a borough ordinance prescribes, under penalty, that in all dwelling-houses the cellars shall extend under the whole building, "as specified by foundation walls," and the ordinance is ambiguous as to whether all dwellings are required to have cellars, a prosecution for failure to construct a cellar cannot be maintained.

Summary conviction. Appeal from judgment of justice of the peace. Q. S. Delaware Co., Misc. Docket G, page 441.

*Albert J. Williams,* for appellant; *Howard M. Lutz,* contra.

FRONEFIELD, P. J., July 16, 1926.—This is an appeal by the defendant from a summary conviction by a justice of the peace, for an alleged violation of an ordinance of the Borough of Clifton Heights, in building a dwelling-house without a cellar. The section of the ordinance which it is claimed the defendant violated is that "in all dwelling-houses the cellar shall extend under the whole building as specified by foundation walls and shall be ventilated from both ends. It shall have windows entirely above ground, where possible, to admit air and sunlight, averaging not less than five square feet for each 2000 cubic feet of air space contained in the cellar."

The penalty provided for a violation of any of the terms of the ordinance is a fine of not less than $10 nor more than $100, with an additional penalty of $10 a day for each day the ordinance is violated.

Prior to the commencement of the dwelling-house, the defendant applied to the proper authorities for, and secured, a permit to erect it. He stated that he told the inspector it was not to have a cellar. This the inspector denied. The inspector, though having inspected the building twice during its construction, made no complaint that it had no cellar until it was under roof, and then only upon being directed by a councilman to do so.

Commonwealth v. Walck.

The defendant argues that the ordinance does not expressly, but does in effect, provide that in those dwelling-houses having cellars, the cellars shall extend under the whole building. The Commonwealth contends that the ordinance, in effect, provides that all dwelling-houses shall have cellars under the entire building.

The Commonwealth argues, how may the cellar under "all dwelling-houses" extend under the whole dwelling unless there is a cellar under it. The answer of the defendant is that there is nothing in the ordinance requiring a cellar under all the dwellings, but there is in the ordinance a direction that the cellar (if there be one) shall extend under the entire building.

The defendant inquires, also, whether or not it would be a reasonable construction that every dwelling-house shall have a porch on it if an ordinance provides that "in all dwelling-houses the porch shall be six feet wide," or that all dwellings shall have a bath-room, if the ordinance provides that "in all dwelling-houses the bath-room shall be six feet by eight feet."

It would then be asked, as the Commonwealth asks, how the porch can be six feet wide if there be no porch, and how the bath-room can be six by eight feet if there be no bath-room.

The illustration used may be as difficult of solution as is the question involved, and yet the statement of them does assist in its determination.

The fact that a large percentage of houses have cellars does not help in getting at the meaning of the ordinance.

It would have been easy to have provided that all dwelling-houses shall have a cellar extending under the whole building as specified by the foundation walls.

The ordinance, being penal, must be strictly construed, and, being ambiguous, must be and is construed in favor of the innocence of the defendant.

The view we have adopted on this question makes it unnecessary to decide the question of estoppel.

The judgment is reversed and the defendant discharged.

From William R. Toal, Media, Pa.